IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| THE TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY a/s/o KENT AND KIMBERLY ROUSE, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) Case No. 13-MC-007-JPS<br>) |
| ELECTROLUX HOME PRODUCTS, INC., | )<br>) |
| Defendant. | ) |

## PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR COSTS AND FEES ASSOCIATED WITH THEIR MOTION TO COMPEL THE DEPOSITION OF JONATHON VESEY

Now Comes the Plaintiff, THE TRAVELERS PROPERTY CASUALTY INSURANCE COMPANY a/s/o KENT AND KIMBERLY ROUSE (hereinafter TRAVELERS), and submits its response to the defendant's motion for costs and fees associated with Defendant's Motion to Compel the Deposition of Jonathon Vesey. The Defendant's request for fees and costs is moot and, furthermore, not warranted under Wisconsin law. As a result, Defendant's Motion should be denied. In support, Plaintiff states as follows:

### I. INTRODUCTION AND FACTUAL BACKGROUND

In short, the Plaintiff's objections to Mr. Vesey's deposition are warranted and brought in good faith. However, in the interests of judicial economy and compromise, the Plaintiff has offered to produce Mr. Vesey for deposition, and object on a question-by-question basis as warranted. Accordingly, on February 12, 2013, that offer was

conveyed to counsel for the Defendant, Matthew J. Kramer. Yet, Defendant has chosen to pursue its Motion to Compel for purposes of seeking costs. Not only is the issue of costs moot, Plaintiff's objection to the deposition of Mr. Vesey were well founded and not in violation of any court order, sanctions are not warranted under the law.

Often times, context is everything. Underlying the now moot discovery dispute over the deposition of Jon Vesey is a larger discovery dispute between the parties regarding Rule 30(b)(6) depositions. At the most recent status conference with Magistrate Mahoney in the Northern District of Illinois on January 8, 2013, this dispute was brought to his attention. Accordingly he scheduled an in person conference for January 30, 2013 where the parties were to present their issues before him for resolution if the discovery disagreement(s) could not be worked out. Prior to that hearing date, Travelers filed a motion to quash or, in the alternative, for protective order as to the 30(b)(6) depositions and Electrolux filed a motion to compel.

After the status hearing on January 8, 2013, Electrolux served Travelers with a Rule 30 notice for the deposition of Jonathon Vesey. Travelers objected to producing this witness under this notice because, contrary to Electrolux's repeated assertions concerning this witnesses' prominence, Mr. Vesey is not a director, officer or managing agent of Travelers. This was communicated in the email attached as Exhibit B to Electrolux's motion to compel. Travelers stood on this objection. Electrolux apparently agreed and issued a subpoena for Mr. Vesey's deposition. Travelers' litigation counsel was not authorized to accept that subpoena and that was communicated in the email that has been marked as Exhibit D in Electrolux's motion. Significantly, at the time that email was authored, no subpoena had been issued to Mr. Vesey. Any objection to his

deposition beyond the actual "notice" was therefore academic since there was no subpoena in existence.

Thereafter, a subpoena was indeed served on Mr. Vesey on January 24, 2013, and rather than ignore the subpoena or refuse to produce him, Travelers immediately filed a motion to determine the propriety of this deposition and the correct parameters of any deposition inquiry by moving to quash the subpoena or in the alternative requesting a protective order in the jurisdiction where this case is venued. Since the case was scheduled before Judge Mahoney for a discovery dispute hearing on January 30, 2013, the motion was logically noticed for that date. After entertaining argument on the competing motions relative to the Defendant's 30(b)(6) deposition notice, Judge Mahoney was told about the Vesey motion to quash. His initial reaction was to stay the deposition dispute, but he declined to hear the motion since it was the present court that had issued the subpoena.

Upon leaving the court room, and discussing the upcoming Vesey deposition date of February 6th, counsel for Travelers told counsel for Electrolux that Travelers simply wanted a court to resolve the dispute over Mr. Vesey's deposition. This was followed up by an email exchange where a continuance was requested from Electrolux's counsel to postpone Mr. Vesey's. Electrolux's counsel responded 12 minutes later, agreeing that "We can continue the Vesey deposition pending judicial resolution". (A true and correct copy of the email exchange is attached hereto as Exhibit 1).

While Plaintiff was in the process of engaging counsel to file its Motion to Quash or, in the alternative for a Protective Order in this Court, and with full knowledge by

Electrolux that Travelers would be proceeding with its Motion before this court, Electrolux filed the instant Motion to Compel, seeking sanctions.

Thus, in context, Travelers never refused to produce Mr. Vesey once subpoenaed, it objected, as is its right, to an unfettered deposition. Moreover, there was an agreement in place between Travelers and Electrolux to continue Mr. Vesey's deposition until Travelers could file its motion to quash before this court for hearing.

## II.     SANCTIONS ARE NOT WARRANTED IN THIS CASE

Plaintiff filed its Motion to Quash/Motion for Protective Order in the Illinois Court due to the fact that Mr. Vesey was only involved in this claim for purposes of Plaintiff's pursuit of subrogation. Specifically, Plaintiff opposed producing Mr. Vesey for an unfettered deposition because Mr. Vesey is employed in Plaintiff's subrogation department and was not involved with the underlying adjustment of the insurance claim giving rise to this litigation. Indeed, Mr. Vesey's involvement in this matter was entirely related to Plaintiff's Pursuit of subrogation. See, e.g., Solis v. Milk Specialties Company, 854 F.Supp.2d 629, 632 (E.D. Wis. 2012)(Confirming that under the work product doctrine a party need not disclose materials and/or information prepared "in anticipation of litigation" including both opinion work product and ordinary or fact work product). Accordingly, as is appropriate under the law, Plaintiff sought to prevent an unfettered deposition and any inquiries into information protected by work product or privilege.

Based upon the foregoing, Defendant is not entitled to an award of sanctions here. While Defendant's Motion suggests it is entitled to sanctions when another party disputes its discovery attempts, that is simply not the case. "Sanctions may be imposed when a party persistently fails to comply with a discovery order", see Ladian, M.D. v. Astrachan,

128 F.3d 1051, 1056 (7th Cir. 1997), and "displays willfulness, bad faith or fault" in doing so. Philips Med. Sys. Int'l, B.V. v. Bruetman, 982 F.2d 211, 214 (7th Cir. 1992)(citing Roland v. Salem Contract Carriers, Inc., 811 F.2d 1175, 1179 (7th Cir. 1987). The issue of a sanction should not be considered in isolation, but in light of the complete procedural history of the case and/or issue. See United States v. Approximately $7400, 276 F.R.D. 596, 598 (E.D. Wis. 2011)(citing E360 Insight, Inc. v. The Spamhaus Project, 658 F.3d 637, 643 (7th Cir. 2011).

As evidenced by Exhibit 1 and the above stated facts, Travelers has been acting in good faith in attempting to resolve Defendant's request for the deposition of Mr. Jonathon Vesey. The request from Defendant started as an improper Rule 30 notice for deposition, and was amended to a Rule 45 subpoena for deposition. Only 14 days ago, the parties were before Judge Mahoney on competing motions related to a separate 30(b)(6) deposition notice, and following that Court's refusal to also hear Plaintiff's Motion to Quash/Motion for Protective Order on jurisdictional grounds, it was Plaintiff's understanding that both parties had agreed that the deposition was postponed until Plaintiff could file its Motion before this Court. In other words, at that time, Travelers believed both parties were in agreement that this Court determine the merits of Plaintiff's previously filed Motion.

### III. CONCLUSION

Conclusively, the history of this case, as evidenced above, does not in any way support Defendant's assertions that Travelers conduct is dilatory and/or an unjustified obstruction. Accordingly Plaintiff respectfully requests that the Court deny Defendant's Request for Costs and Fees Associated with the Motion to Compel Discovery.

Respectfully submitted,

CHAPIN & ASSOCIATES

By: /s/Stephen W. Pasholk
    Stephen W. Pasholk
    Attorney for Plaintiff
    State Bar # 01019346
    CHAPIN & ASSOCIATES
    13935 Bishops Drive, Suite 250
    Brookfield, WI 53072
    (262) 825-9291
    Spasholk@travelers.com

MAISEL & ASSOCIATES

By: /s/Robert J. Spinazzola
    Robert J. Spinazzola
    Attorney for Plaintiff
    MAISEL & ASSOCIATES
    161 N. Clark, Suite 800
    Chicago, Illinois 60601
    (312) 458-6500
    rspinazz@travelers.com
    General Email: RPMLaw1@travelers.com
    ARDC No. 6181417

**Spinazzola, Robert J**

**From:** Kramer, Matthew J. [mkramer@freebornpeters.com]
**Sent:** Thursday, January 31, 2013 10:54 AM
**To:** Spinazzola, Robert J
**Subject:** RE: subpoena to testify

13th and 18th both work. I'll circulate to the Rouses.

We can continue the Vesey deposition pending judicial resolution.

---

**From:** Spinazzola, Robert J [mailto:RSPINAZZ@travelers.com]
**Sent:** Thursday, January 31, 2013 10:43 AM
**To:** Kramer, Matthew J.
**Subject:** RE: subpoena to testify

How about 2/13 or 2/18?

Can we continue Vesey's dep generally as we have with the 30b6 deps until we have our motion to quash the subpoena heard?

Robert J. Spinazzola
Maisel & Associates
161 N. Clark Suite 800
Chicago, Illinois 60601
312-458-6544
Fax: 312-458-6578
rspinazz@travelers.com

---

**From:** Kramer, Matthew J. [mailto:mkramer@freebornpeters.com]
**Sent:** Thursday, January 31, 2013 10:39 AM
**To:** Spinazzola, Robert J
**Subject:** RE: subpoena to testify

Sounds like the 12th is no good for Mrs. Rouse – her daughter has a doctor's appointment. Let me know as soon as you get dates and we'll try to find another that works. I apologize about the 5th.

---

**From:** Spinazzola, Robert J [mailto:RSPINAZZ@travelers.com]
**Sent:** Wednesday, January 30, 2013 4:42 PM
**To:** Kramer, Matthew J.
**Subject:** RE: subpoena to testify

Matt: I may have an issue on the 11th. Doctor's appointment. Just noticed when I got home. I think I am available on the 12th. I will send you multiple dates tomorrow. Sorry for the inconvenience.

Robert J. Spinazzola
Maisel & Associates
161 N. Clark Suite 800
Chicago, Illinois 60601
312-458-6544
Fax: 312-458-6578
rspinazz@travelers.com



EXHIBIT 1

---

**From:** Kramer, Matthew J. [mailto:mkramer@freebornpeters.com]

**Sent:** Wednesday, January 30, 2013 10:02 AM
**To:** 'Kim Rouse'; krouse910@comcast.net
**Cc:** Spinazzola,Robert J; Summerhill, Michael J.
**Subject:** RE: subpoena to testify

Everyone-

With apologies, I have a conflict on the 5th that I cannot avoid.

Is everyone available on the 11th? For your convenience, we plan to have the depositions take place in a conference room at the Hampton Inn on Route 31 in McHenry. If the 11th does not work, Mr. Spinazzola and I will work together to come up with new dates.

Thank you.


Matthew J. Kramer
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
P: (312) 360-6382
M: (312) 909-1629
F: (312) 360-6594
E: mkramer@freebornpeters.com


**From:** Kim Rouse [mailto:kimme123@comcast.net]
**Sent:** Tuesday, January 22, 2013 2:46 PM
**To:** Kramer, Matthew J.
**Subject:** Re: subpoena to testify

Hi there, February 5th or 11th would work best. Our daughter has an important Dr. Apt. On the 12th. The 5th would be the best for me. Thank you for the info., Kim Rouse

Sent from my iPhone

On Jan 21, 2013, at 1:22 PM, "Kramer, Matthew J." <mkramer@freebornpeters.com> wrote:

> Ms. Rouse-
>
> I wanted to follow up on our brief communication last week. I believe I mentioned I was out of town from Tuesday through Thursday, so I am just now getting back to these scheduling issues. I have copied Robert Spinazzola, who represents Travelers, on this e-mail. I've also copied Mr. Rouse (who also received a subpoena), our paralegal Maureen Dunham, and Mike Summerhill, one of my partners, so that we can all be on the same page in terms of scheduling. As I told Mr. Rouse, you should be aware that you are entitled to have your own attorney represent you in connection with this subpoena, and, if you choose to do so, I would ask that you have that attorney contact me as soon as he or she is retained.

2/14/2013

Just by way of brief background, these subpoenas were issued in connection with a lawsuit that Travelers brought as your subrogee, seeking damages for a fire that allegedly occurred in your McHenry home. Travelers alleges that the fire was caused by a defect in the Electrolux dryer. Our firm represents Electrolux.

While we are willing to work with you on dates and venue, the subpoenas are mandatory, and it is necessary that both of you give testimony. The checks you received were compensation for the witness fee to which you are entitled ($40 per day), plus mileage to travel to Chicago. Since it seems that the depositions will not take place in Chicago, it would probably be best that you not cash those checks, as the mileage compensation will be less. In all likelihood, we will find a court reporter's office, or another attorney's office, somewhere closer to McHenry, and the deposition will take place there. We do want to be particularly sensitive to the need to provide child care for your daughter, so we will do our best to make sure that the venue is convenient. Though not ideal, it is actually not unheard of to have depositions take place at someone's home, if necessary.

As for dates, we'd like to do this all in one day (Mr. Rouse in the morning, Ms. Rouse in the afternoon). We do not expect the depositions to be lengthy. The court has imposed a 4-hour limit, and I would be surprised if they even went that long. Mr. Spinazzola has proposed February 5, 11, or 12. I am fine with any of those dates. Please let us know as soon as possible if any of those dates work. You've both made clear that missing part of a work day is not preferred, and we appreciate and respect that, but we cannot accept ordinary work obligations as a justification for postponing these depositions. If you had an important appointment or something of that nature, that may be something we could work around, but you will both almost certainly have to miss at least a half-day of work for these depositions. The Federal Rules would actually require you to travel up to 100 miles for a deposition, so Chicago would technically be a proper venue, but, after hearing from everyone involved, we are willing to compromise on that issue and move the depositions closer to McHenry to at least cut down on travel time.

Please let me know if February 5, 11, or 12 work for you, and we will finalize the arrangements from there.

Thank you.


Matthew J. Kramer
Freeborn & Peters LLP
311 S. Wacker Drive, Suite 3000
Chicago, Illinois 60606
P: (312) 360-6382
M: (312) 909-1629
F: (312) 360-6594
E: mkramer@freebornpeters.com


**From:** kimme123@comcast.net [mailto:kimme123@comcast.net]
**Sent:** Wednesday, January 16, 2013 6:40 AM

**To:** Kramer, Matthew J.
**Subject:** subpoena to testify

To Mathew Kramer, I have just received my subpoena letter from your office today. I read here that Im required to be in chicago on wacker drive at 1:30 pm on 1/31/2012. Im assuming that meant 2013? I dont mean to sound difficult, but my concern is that Im a newly single mother and work as home health care nurse. I see u sent me a check for 72.94 assuming thats for my lost income? I am not in position to afford losing a days pay at work, which is approx. 360.00 to come to deposition. I also have a handy cap daughter I would need to provide care for while Im there. Are you sure you need to have me in the city for this matter or is there a way to avoid having me there? As I told you Im not in a position to lose all this income so if I am required to be there would I then be reimbursed for my days pay at least? I have 2 hours travel time each way to come. thats 4 hours plus time there. Thank You I will be looking forward to your response, Kimberly Rouse

CONFIDENTIALITY NOTICE: This message may contain legally privileged information intended solely for the direct addressee(s). Disclosure or use by others is strictly prohibited. Please notify the sender if you have received this message in error. IRS CIRCULAR 230 DISCLAIMER: Neither this message nor the attachments hereto may be used to avoid penalties that may be imposed under the Internal Revenue Code.

Freeborn & Peters LLP
www.freebornpeters.com

CONFIDENTIALITY NOTICE: This message may contain legally privileged information intended solely for the direct addressee(s). Disclosure or use by others is strictly prohibited. Please notify the sender if you have received this message in error. IRS CIRCULAR 230 DISCLAIMER: Neither this message nor the attachments hereto may be used to avoid penalties that may be imposed under the Internal Revenue Code.

Freeborn & Peters LLP
www.freebornpeters.com

This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies.

CONFIDENTIALITY NOTICE: This message may contain legally privileged information intended solely for the direct addressee(s). Disclosure or use by others is strictly prohibited. Please notify the sender if you have received this message in error. IRS CIRCULAR 230 DISCLAIMER: Neither this message nor the attachments hereto may be used to avoid penalties that may be imposed under the Internal Revenue Code.

Freeborn & Peters LLP
www.freebornpeters.com

This communication, including attachments, is confidential, may be subject to legal privileges, and is intended for the sole use of the addressee. Any use, duplication, disclosure or dissemination of this communication, other than by the addressee, is prohibited. If you have received this communication in error, please notify the sender immediately and delete or destroy this communication and all copies.

CONFIDENTIALITY NOTICE: This message may contain legally privileged information intended solely for the direct addressee(s). Disclosure or use by others is strictly prohibited. Please notify the sender if you have received this message in error. IRS CIRCULAR 230 DISCLAIMER: Neither this message nor the attachments hereto may be used to avoid penalties that may be imposed under the Internal Revenue Code.

Freeborn & Peters LLP
www.freebornpeters.com

2/14/2013